1 | LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
2 | 3500 West Olive Avenue, Suite 300
Burbank, CA 91505
3 | Office: 818-827-7127
Fax: 818-827-7128
4 | e-mail: louis.p.dell@att.net

5

Attorney for Plaintiff,
6 | NISHIT SHAH

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**
10
**CENTRAL DISTRICT OF CALIFORNIA**
11

CV10 8435 ODW (AGRx)

12 | NISHIT SHAH, an individual,                    )    CASE NO.
                                                )
13 |                        Plaintiff,            )    **COMPLAINT FOR DAMAGES and**
                                                )    **DEMAND FOR JURY TRIAL**
14 |        vs.                                   )
                                                )
15 | CHARTER                                      )
COMMUNICATIONS, INC., a                          )
16 | Delaware Corporation,                        )
                                                )
17 | CREDIT PROTECTION                            )
ASSOCIATION, L.P., a Texas                       )
18 | Corporation,                                 )
                                                )
19 | ETAN INDUSTRIES, INC., a                     )
Texas Corporation,                               )
20 |                                             )
EXPERIAN INFORMATION                             )
21 | SOLUTIONS, INC., an Ohio                     )
Corporation,                                     )
22 |                                             )
EQUIFAX, INC., a Georgia                         )
23 | Corporation,                                 )
                                                )
24 | and DOES 1 to 10, inclusive,                 )
                                                )
25 |                        Defendants.           )
                                                )
26 | _____             )

27

28

**Complaint for Damages and  Demand for Jury Trial**

Plaintiff, NISHIT SHAH, by his attorney, LOUIS P. DELL, states as follows:

## INTRODUCTION

1.    This is an action for damages against all defendants brought pursuant to the Fair Credit Reporting Act (FCRA) [15 U.S.C. § 1681 *et. seq.*].

2.    This is also an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION

3.    This court has jurisdiction under the provisions of the FCRA, 15 U.S.C. § 1681p, under the provisions of FDCPA 15 U.S.C. § 1692k(d), and pendent jurisdiction over any state law claims asserted herein.

## PARTIES

4.    Plaintiff, NISHIT SHAH, is a consumer, within the definition of Title 15, United States Code, § 1681a(c), and resides in the State of California, County of Los Angeles.

5.    Defendant, CHARTER COMMUNICATIONS, INC., ("Charter") is a Delaware corporation with its principle place of business in Saint Louis, Missouri.  It does business in the State of California as CHARTER COMMUNICATIONS (CCI), INC.  Defendant, CHARTER COMMUNICATIONS, INC., is a debt collector within the definition of Title 15, United States Code, § 1692a.  As a debt collector, this defendant is a creditor who, in the process of collecting its own debts, uses the name CREDIT PROTECTION ASSOCIATION, L.P. which would indicate that a third person is collecting or attempting to collect such debts.

-2-

**Complaint for Damages and  Demand for Jury Trial**

1    6.    Defendants CREDIT PROTECTION ASSOCIATION, L.P., and ETAN

2    INDUSTRIES, INC. (collectively referred to as "CPA") are Texas corporations with

3    their principle place of business in Dallas, Texas.  They are general partners and are

4    sued individually and as partners of each other.  They do business in the State of

5    California.  Defendant, CPA, is a debt collector within the definition of Title 15,

6    United States Code, § 1692a.  As a debt collector, this Defendant's business is the

7    collection of any debts, or is one which regularly collects or attempts to collect,

8    directly or indirectly, debts owed or due or asserted to be owed or due another.

9    7.    Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.

10   ("Experian"), an Ohio Corporation, is a consumer reporting agency, within the

11   definition of Title 15, United States Code, § 1681a(f), and is incorporated in the State

12   of Ohio.  This defendant's principal place of business is Orange County, California.

13   As a consumer reporting agency, this Defendant regularly and for a fee submits

14   reports containing information as to credit worthiness, credit standings, and other

15   credit information on consumers to third parties, which information is used or

16   expected to be used in whole or in part as a factor in establishing the consumer's

17   eligibility for credit or insurance to be used primarily for personal, family, or

18   household purposes.

19   8.    Defendant, EQUIFAX, INC., ("Equifax") is a consumer reporting

20   agency, within the definition of Title 15, United States Code, § 1681a(f), and is

21   incorporated in the State of Georgia.  This defendant's principal place of business is

22   Atlanta, Georgia.  As a consumer reporting agency, this Defendant regularly and for a

23   fee submits reports containing information as to credit worthiness, credit standings,

24   and other credit information on consumers to third parties, which information is used

25   or expected to be used in whole or in part as a factor in establishing the consumer's

26   eligibility for credit or insurance to be used primarily for personal, family, or

27   household purposes.

28   9.    Plaintiff is ignorant of the true names and capacities of defendants sued

-3-

**Complaint for Damages and  Demand for Jury Trial**

1   herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such

2   fictitious names. Plaintiff will amend this complaint to allege their true names and

3   capacities when ascertained. Plaintiff is informed and believes and thereon alleges

4   that each of the fictitiously named defendants is responsible in some manner to

5   plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were

6   proximately caused by their conduct.

7

8                              **FACTUAL ALLEGATIONS**

9         10.    Plaintiff had contracted for consumer cable television services with

10  defendant Charter Communications, Inc. who maintained an account in his name.

11        11.    In July 2009, plaintiff closed his account with defendant Charter

12  Communications, Inc. at which time the account was paid in full.

13        12.    Commencing January 2010 and continuing thereafter, plaintiff received

14  debt collection letters from defendant CPA. This defendant identified itself as a

15  professional debt collector retained by defendant Charter Communications, Inc. In

16  each of its collection letters, CPA indicated that the account was in collections and

17  demanded immediate payment of a delinquency which plaintiff did not owe. The

18  collection letters advised plaintiff that this account would be negatively reported to

19  credit bureaus throughout the country and would remain on his credit record for

20  several years.

21        13.    Plaintiff received the first collection letter dated January 5, 2010 from

22  CPA even though Plaintiff's account was closed and not delinquent. The collection

23  letter falsely represented to plaintiff that he owed Charter $198. In response,

24  personally went to defendant Charter's customer service office located in Glendale,

25  California and obtained a written statement that shows no payment due. Plaintiff

26  mailed and faxed a copy of the "no payment due" statement and a cover letter to

27  response to CPA on January 20, 2010 informing CPA that he did not owe any money

28  on the account and asked it to stop sending him collection notices.

**Complaint for Damages and Demand for Jury Trial**

14.    A second collection letter dated February 25, 2010 from CPA to plaintiff demanded that he pay a false balance due, ignoring his faxed letter and a copy of the 'no payment due' statement from Charter on January 20, 2010, and ignoring plaintiff's request that they stop sending him collection notices.

15.    Plaintiff went to Charter office in Glendale, California again and showed them the collection notice from the CPA dated February 25, 2010. Charter again agreed and said to plaintiff that he did not owe any money on the account. The Charter agent at the counter sent an internal e-mail to CPA and handed plaintiff a receipt dated March 10, 2010 showing no balance due. The Charter agent at the counter advised plaintiff to ignore any more notices from CPA as the e-mail may take some time before the records were corrected.

16.    A third collection letter dated March 29, 2010 from CPA to plaintiff demanded that he pay the false balance due. Plaintiff ignored this notice as the Charter agent advised him to do.

17.    A fourth collection letter dated April 16, 2010 from CPA to plaintiff demanded that he pay a false balance due. Again, plaintiff ignored this notice as the Charter agent at their office had advised him to do.

18.    A fifth collection letter dated April 27, 2010 from CPA to plaintiff demanded that he pay a false balance due. Yet again, plaintiff ignored this notice as the Charter agent at their office had advise him to do.

19.    On or about May 19, 2010, plaintiff was notified by a credit monitoring agency that CPA was illegally reporting to the Charter Account to one or more credit reporting agencies.

20.    A sixth collection letter dated May 21, 2010 from CPA to plaintiff asked him to pay a false amount due.

21.    On May 27, 2010 CPA left a voice mail on plaintiff's home phone demanding that he contact them.

22.    On or about June 15, 2010, plaintiff was again notified by a credit

-5-

**Complaint for Damages and Demand for Jury Trial**

1  monitoring agency that CPA was illegally reporting to the Charter Account to one or

2  more credit reporting agencies.

3      23.   Plaintiff retained the services of Parker Stanbury LLP to contact

4  defendant Experian, defendant Equifax, and TransUnion on plaintiff's behalf

5  disputing the inaccurate account entry on his credit report by Charter and CPA.

6      24.   Defendant Experian provided to plaintiff a credit report dated July 1,

7  2010. Instead of deleting the inaccurate account entry from CPA, Experian updated

8  the account status as being opened on December 2009 and that it was a "collection"

9  account and further indicated that plaintiff had owed CPA $198 but that it was "paid,

10 closed." None of this was true. This entry in my credit report made it look as if I

11 made the payment after the CPA furnished the account entry to Experian in my credit

12 file in May 2010. In reality, plaintiff had fully satisfied the Charter account as of July

13 of 2009.

14     25.   Defendant Equifax provided to plaintiff a credit report dated September

15 14, 2010. Instead of deleting the inaccurate account entry from CPA, Equifax

16 portrayed the account status as a "collection" account and further indicated that

17 plaintiff owed CPA $198 as of June 2010 and that the account status was "unpaid."

18 None of this was true. In reality, I had fully satisfied the Charter account as of July of

19 2009.

20     26.   Credit reporting agency TransUnion provided to plaintiff a letter October

21 4, 2010 which indicated that it had deleted the inaccurate account entry furnished by

22 CPA. TransUnion also provided to plaintiff a credit report dated October 11, 2010

23 which had deleted the CPA account.

24     27.   The account as reported in each of the credit reports was, and still is,

25 inaccurate and false. At all relevant times to this complaint, the plaintiff never had an

26 account with CPA, he was never delinquent on the account with defendant Charter

27 Communications, Inc., the account numbers were false, and other statements were

28 fictional.

**Complaint for Damages and  Demand for Jury Trial**

28.     On multiple occasions, the Plaintiff contacted each of the defendants about the disputed debt.  Plaintiff requested Charter Communications, Inc. and CPA to cease reporting the inaccurate information to consumer reporting agencies, and, requested defendant Experian, defendant Equifax, and TransUnion to investigate and remove the inaccurate information from each of his respective credit reports.

29.     Despite plaintiff's requests, defendant s Charter Communications, Inc. and CPA refused to cease reporting the inaccurate information, and, defendants Experian and Equifax refused to timely remove the inaccurate information from plaintiff's credit report.  TransUnion did delete the account from plaintiff's credit report.

30.     Plaintiff is informed and believes that each of the defendants furnished, made, authorized, allowed, or in some manner were responsible for the derogatory item in the plaintiff's consumer report.

31.     Each of the defendants failed in their duties under the Fair Credit Reporting Act and applicable state laws.

32.     Each of the defendants aided, abetted, and assisted the other defendants in performing the acts described in this lawsuit.  At all times during the events described herein, the defendants were engaged in a joint venture.  They assisted each other in performing the various actions described and lent their physical and mental presence and support and the authority of their office to each other during said events.

33.     As a direct and proximate result of the acts, omissions, and consequences thereof, the plaintiff has sustained actual damages including emotional distress and pecuniary loss.  Plaintiff has suffered an invasion of his privacy, humiliation, emotional distress, embarrassment, pain and suffering, damages to his credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at her terms he would have been able to obtain had defendants not so acted.  He has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or was denied credit.

**Complaint for Damages and  Demand for Jury Trial**

**FIRST CAUSE OF ACTION**

34.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 of this complaint.

35.    Defendant Charter willfully failed to comply with the requirements imposed on it under the Fair Credit Reporting Act with respect to Plaintiff.

36.    The defendant is liable to plaintiff under Federal law Title 15, United States Code § 1681n.

**SECOND CAUSE OF ACTION**

37.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 of this complaint.

38.    Defendant Charter negligently failed to comply with the requirements imposed under the Fair Credit Reporting Act with respect to Plaintiff.

39.    The defendant is liable to plaintiff under Federal law Title 15, United States Code § 1681o.

**THIRD CAUSE OF ACTION**

40.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 of this complaint.

41.    Defendant Charter violated Federal law Title 15, United States Code § 1692e(2) by providing to plaintiff a false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

42.    Defendant Charter violated Federal law Title 15, United States Code § 1692e(15) by providing to plaintiff a false representation or implication that the collection letters did not require action by the plaintiff consumer.

43.    Defendant Charter used false, deceptive, misleading, unfair, or unconscionable representation or means in connection with the attempted collection

-8-

**Complaint for Damages and  Demand for Jury Trial**

1 | of the debt.

2 |     44.    The defendant's acts as described above were done intentionally with the

3 | purpose of coercing the plaintiff to pay the debt.

4 |     45.    The defendant is liable to plaintiff under Federal law Title 15, United

5 | States Code § 1692k.

6 |

7 | **FOURTH CAUSE OF ACTION**

8 |     46.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33

9 | of this complaint.

10 |     47.    The above-described conduct of defendant Charter constitutes deceptive

11 | business practices under California Business and Professions Code § 17200 *et. seq.*,

12 | and, pursuant to California Business and Professions Code § 17203, plaintiff seeks

13 | disgorgement of all amounts defendant received from plaintiff as a result of such

14 | unlawful conduct, as well as equitable and injunctive relief.

15 |

16 | **FIFTH CAUSE OF ACTION**

17 |     48.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33

18 | of this complaint.

19 |     49.    Defendant CPA willfully failed to comply with the requirements

20 | imposed on it under the Fair Credit Reporting Act with respect to Plaintiff.

21 |     50.    The defendants CREDIT PROTECTION ASSOCIATION, L.P., and

22 | ETAN INDUSTRIES, INC. are jointly and severally liable to plaintiff under Federal

23 | law Title 15, United States Code § 1681n.

24 |

25 | **SIXTH CAUSE OF ACTION**

26 |     51.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33

27 | of this complaint.

28 |     52.    Defendant CPA negligently failed to comply with the requirements

**Complaint for Damages and  Demand for Jury Trial**

1    imposed under the Fair Credit Reporting Act with respect to Plaintiff.

2       53.    The defendants CREDIT PROTECTION ASSOCIATION, L.P., and

3    ETAN INDUSTRIES, INC. are jointly and severally liable to plaintiff under Federal

4    law Title 15, United States Code § 1681o.

5

6                      **SEVENTH CAUSE OF ACTION**

7       54.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33

8    of this complaint.

9       55.    Defendant CPA violated Federal law Title 15, United States Code §

10    1692e(2) by providing to plaintiff a false representation of the character, amount, or

11    legal status of any debt; or any services rendered or compensation which may be

12    lawfully received by any debt collector for the collection of a debt.

13       56.    Defendant CPA violated Federal law Title 15, United States Code §

14    1692c(c) by communicating with the plaintiff after being advised by the plaintiff to

15    cease further communications.

16       57.    Defendant CPA violated Federal law Title 15, United States Code §

17    1692g(b) by continuing collection of the debt after the plaintiff timely notified it in

18    writing that the debt was disputed and when it had not mailed verification of the debt

19    to the plaintiff.

20       58.    Defendant Charter used false, deceptive, misleading, unfair, or

21    unconscionable representation or means in connection with the attempted collection

22    of the debt.

23       59.    The defendant's acts as described above were done intentionally with the

24    purpose of coercing the plaintiff to pay the debt.

25       60.    The defendants CREDIT PROTECTION ASSOCIATION, L.P., and

26    ETAN INDUSTRIES, INC. are jointly and severally liable to plaintiff under Federal

27    law Title 15, United States Code § 1692k.

28

**Complaint for Damages and Demand for Jury Trial**

1

## EIGHTH CAUSE OF ACTION

2      61.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33

3  of this complaint.

4      62.    The above-described conduct of defendant CPA constitutes deceptive

5  business practices under California Business and Professions Code § 17200 *et. seq.*,

6  and, pursuant to California Business and Professions Code § 17203, plaintiff seeks

7  disgorgement of all amounts defendant received from plaintiff as a result of such

8  unlawful conduct, as well as equitable and injunctive relief.

9      63.    The defendants CREDIT PROTECTION ASSOCIATION, L.P., and

10  ETAN INDUSTRIES, INC. are jointly and severally liable under this cause of action.

11

12

## NINTH CAUSE OF ACTION

13      64.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33

14  of this complaint.

15      65.    Experian willfully failed to comply with the requirements imposed under

16  the Fair Credit Reporting Act with respect to Plaintiff.

17      66.    The defendant is liable to plaintiff under Federal law Title 15, United

18  States Code § 1681n.

19

20

## TENTH CAUSE OF ACTION

21      67.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 21

22  of this complaint.

23      68.    Experian negligently failed to comply with the requirements imposed

24  under the Fair Credit Reporting Act with respect to Plaintiff.

25      69.    The defendant is liable to plaintiff under Federal law Title 15, United

26  States Code § 1681o.

27

28

-11-

**Complaint for Damages and  Demand for Jury Trial**

**ELEVENTH CAUSE OF ACTION**

70.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 of this complaint.

71.     Equifax willfully failed to comply with the requirements imposed under the Fair Credit Reporting Act with respect to Plaintiff.

72.     The defendant is liable to plaintiff under Federal law Title 15, United States Code § 1681n.

**TWELFTH CAUSE OF ACTION**

73.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 of this complaint.

74.     Equifax negligently failed to comply with the requirements imposed under the Fair Credit Reporting Act with respect to Plaintiff.

75.     The defendant is liable to plaintiff under Federal law Title 15, United States Code § 1681o.

WHEREFORE, the plaintiff prays judgment in his favor against the defendants as follows:

FOR THE FIRST CAUSE OF ACTION:

1.      Actual damages sustained by the plaintiff or damages of not less than $1,000, whichever is greater;

2.      Punitive damages;

3.      Reasonable attorney fees;

4.      Costs of suit; and

5.      For such further relief as the court may deem just and equitable.

FOR THE SECOND CAUSE OF ACTION:

1.      Actual damages sustained by the plaintiff;

-12-

**Complaint for Damages and Demand for Jury Trial**

2.      Punitive damages;

3.      Reasonable attorney fees;

4.      Costs of suit; and

5.      For such further relief as the court may deem just and equitable.


### FOR THE THIRD CAUSE OF ACTION:

1.      Actual damages sustained by the plaintiff or damages of not less than $1,000, whichever is greater;

2.      Reasonable attorney fees;

3.      Costs of suit; and

4.      For such further relief as the court may deem just and equitable.


### FOR THE FOURTH CAUSE OF ACTION:

1.      Disgorgement of all amounts defendant received from plaintiff as a result of such unlawful conduct, as well as equitable and injunctive relief;

2.      For a temporary restraining order, a preliminary injunction and a permanent injunction, restraining and enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for them, from further collection activities on the subject account;

3.      Reasonable attorney fees;

4.      Costs of suit; and

5.      For such further relief as the court may deem just and equitable.


### FOR THE FIFTH CAUSE OF ACTION:

1.      Actual damages sustained by the plaintiff or damages of not less than $1,000, whichever is greater;

2.      Punitive damages;

3.      Reasonable attorney fees;

-13-

**Complaint for Damages and  Demand for Jury Trial**

1  4.  Costs of suit; and

2  5.  For such further relief as the court may deem just and equitable.

3

4  FOR THE SIXTH CAUSE OF ACTION:

5  1.  Actual damages sustained by the plaintiff;

6  2.  Punitive damages;

7  3.  Reasonable attorney fees;

8  4.  Costs of suit; and

9  5.  For such further relief as the court may deem just and equitable.

10

11  FOR THE SEVENTH CAUSE OF ACTION:

12  1.  Actual damages sustained by the plaintiff or damages of not less than

13  $1,000, whichever is greater;

14  2.  Reasonable attorney fees;

15  3.  Costs of suit; and

16  4.  For such further relief as the court may deem just and equitable.

17

18  FOR THE EIGHTH CAUSE OF ACTION:

19  1.  Disgorgement of all amounts defendant received from plaintiff as a result

20  of such unlawful conduct, as well as equitable and injunctive relief;

21  2.  For a temporary restraining order, a preliminary injunction and a

22  permanent injunction, restraining and enjoining defendant and its agents,

23  servants, and employees, and all persons acting under, in concert with, or

24  for them, from further collection activities on the subject account;

25  3.  Reasonable attorney fees;

26  4.  Costs of suit; and

27  5.  For such further relief as the court may deem just and equitable.

28

-14-

1

FOR THE NINTH CAUSE OF ACTION:

2    1.    Actual damages sustained by the plaintiff or damages of not less than

3           $1,000, whichever is greater;

4    2.    Punitive damages;

5    3.    Reasonable attorney fees;

6    4.    Costs of suit; and

7    5.    For such further relief as the court may deem just and equitable.

8

9

FOR THE TENTH CAUSE OF ACTION:

10    1.    Actual damages sustained by the plaintiff;

11    2.    Punitive damages;

12    3.    Reasonable attorney fees;

13    4.    Costs of suit; and

14    5.    For such further relief as the court may deem just and equitable.

15

16

FOR THE ELEVENTH CAUSE OF ACTION:

17    1.    Actual damages sustained by the plaintiff or damages of not less than

18           $1,000, whichever is greater;

19    2.    Punitive damages;

20    3.    Reasonable attorney fees;

21    4.    Costs of suit; and

22    5.    For such further relief as the court may deem just and equitable.

23

24

25

26

27

28

**Complaint for Damages and  Demand for Jury Trial**

FOR THE TWELFTH CAUSE OF ACTION:

1.     Actual damages sustained by the plaintiff;

2.     Punitive damages;

3.     Reasonable attorney fees;

4.     Costs of suit; and

5.     For such further relief as the court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  November 4, 2010        LAW OFFICE OF LOUIS P. DELL

Louis P. Dell, Esq.
Attorney for Plaintiff,
NISHIT SHAH

**Complaint for Damages and  Demand for Jury Trial**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV10- 8435 ODW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
818-827-7127

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHIT SHAH, an individual,<br><br><br>PLAINTIFF(S)<br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware<br>Corporation,<br>[see Attachment to Summons]<br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 8435 ODW (AGRx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): CHARTER COMMUNICATIONS, INC., a Delaware Corporation, et. al.

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Louis P. Dell_____, whose address is _3500 West Olive Avenue, Burbank, CA  91505_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___NOV - 5 2010_____

By: ___CHRISTOPHER POWERS_____
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## Attachment to Summons

CREDIT PROTECTION ASSOCIATION, L.P., a Texas Corporation,

ETAN INDUSTRIES, INC., a Texas Corporation,

EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation,

EQUIFAX, INC., a Georgia Corporation,

and DOES 1 to 10, inclusive,

        Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> NISHIT SHAH | **DEFENDANTS** <br> CHARTER COMMUNICATIONS, INC., CREDIT PROTECTION ASSOCIATION, L.P., ETAN INDUSTRIES, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX, INC. |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> LOUIS P. DELL, ESQ. (SBN 164830), LAW OFFICE OF LOUIS P. DELL <br> 3500 West Olive Avenue, Suite 300   818-827-7127 <br> Burbank, CA 91505 | Attorneys (If Known) |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

### V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ To be Determined

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title VII of the civil Rights Act of 1964, 42 U.S.C. § 2000e

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV10 8435**

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)     ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                 ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | CHARTER COMMUNICATIONS, INC. (DE), CREDIT PROTECTION ASSOCIATION, L.P. (TX), ETAN INDUSTRIES, INC. (TX), EXPERIAN INFORMATION SOLUTIONS, INC. (OH), EQUIFAX, INC. (GA) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
       **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date  November 04, 2010

       **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |